UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LAWN DOCTOR, INC.** | : | **Civil Action No. 12-1430 (PGS)** |
| **Plaintiff,** | : | |
| v. | : | **MEMORANDUM OPINION** |
| **JOSEPH RIZZO, et al.** | : | |
| **Defendants.** | : | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff's, Lawn Doctor, Inc.'s ("LD"), motion to amend the Court's Order of March 14, 2014 (Docket Entry No. 55) under FED.R.CIV.P. 60. Through its motion, LD requests that the Court enter an Amended Final Judgment to include the award of attorney's fees it granted in the Letter Order entered on November 4, 2013 (Docket Entry No. 47). LD filed the instant motion pursuant to the Third Circuit's Order entered on January 9, 2015 (Docket Entry No. 57). While on appeal, LD filed a motion in the Third Circuit seeking leave to file a motion in the District Court pursuant to Fed. R. Civ. P. 60(a). LD's motion was unopposed and the Third Circuit granted same, remanding this matter "for the sole purpose of allowing the District Court to rule on the Rule 60(a) motion." (*Id*. at 1). The Court has fully reviewed the papers submitted in support of LD's motion to amend the Court's Order of March 14, 2014 in order to include the attorney's fees awarded in the Court's earlier Letter Order of November 4, 2013. No opposition has been filed. The Court considers LD's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, LD's motion is GRANTED.

I.      **Background and Procedural History**

The facts of this case are well known to the parties and the Court. As such, the Court shall not restate them at length herein. Suffice it to say, this matter arose out of the termination of the parties' Lawn Doctor franchise agreement and Defendants' purported failure to adhere to the terms of the non-competition agreement contained in same. On January 25, 2013, this Court entered a Consent Injunction outlining Defendants' obligations not to compete with LD. Included in the Consent Injunction was the requirement that Defendants transfer to LD all telephone numbers associated with the Lawn Doctor franchise formerly operated by Defendants. (Consent Injunction; Docket Entry No. 37). Defendants' subsequent actions placed them in contempt of the Consent Injunction and this Court held a hearing on September 12, 2013 regarding same. As a result of that hearing, on November 4, 2013, the Court entered a Letter Order, which granted LD's request for the assignment of certain telephone numbers used by Defendants in connection with their former Lawn Doctor business and awarded LD the legal fees and costs incurred in pursuing the contempt motion. (Letter Order of 11/4/2013 at 1; Docket Entry No. 47). With respect to the legal fees and costs to be awarded, the Court directed LD to provide a fee chart by November 20, 2013 and instructed Defendants that they had until December 11, 2013 to respond with any disputes regarding same. (*Id*.) LD did as instructed and no issues were ever raised with respect to the fees and costs outlined by LD.

During the contempt hearing, the Court reserved on the issue of what if any sanctions should be entered against Defendants for their violation of the Consent Injunction. This Court addressed same in its Letter Order of March 14, 2014 (Docket Entry No. 55), wherein it determined that it would require Defendants to pay LD "178,000, *i.e.*, the fair market value of Plaintiff's customer list[.]" (*Id*. at 5). That sum, however, did not include the attorney fees and

costs contemplated by the Court's November 4, 2013 Letter Order. Instead, it solely comprised the civil contempt sanction being imposed by the Court.

On March 28, 2014, Defendants filed a notice of appeal with the Third Circuit regarding the Court's contempt decision and imposition of the $178,000 sanction. (Notice of Appeal of 3/28/2014; Docket Entry No. 56). In light of the fact that this Court's decisions did not address the fee chart submitted by LD or specify the amount of attorney's fees and costs to be awarded consistent with the Court's decision dated November 4, 2013, LD filed the aforementioned motion in the Third Circuit seeking leave to file a motion in the District Court pursuant to Fed. R. Civ. P. 60(a) to amend the March 14, 2014 Letter Order to include the earlier awarded attorney's fees and costs. As noted above, the Third Circuit granted same and it is this motion the Court now considers.

## II. Analysis

### A. Standard of Review

Rule 60(a) permits a court to correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The test for the applicability of Rule 60(a) is whether the change sought affects the substantive rights of the parties. *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005). Rule 60(a) allows for "the correction of "clerical mistakes", it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" *Id.* at 129-130 (citation omitted).

Rule 60(b) also permits parties to seek relief from judgments and orders. In contrast to Rule 60(a), however, Rule 60(b) permits relief for a party from a final judgment, order or proceeding for "(1) mistake, inadvertence, surprise or excusable neglect; … or (6) any other

reason that justifies." Fed. R. Civ. P. 60(b). Thus, under a limited set of circumstances, parties can invoke Rule 60(b) to correct errors that are more substantive in nature. *Piacentile v. Thorpe*, Civil Action No. 12-7156 (ES), 2014 WL 7205340 at *2 (D.N.J. Dec. 15, 2014).

### B.     Discussion

Plaintiff seeks permission to correct the March 14, 2014 Letter Order under either Rule 60(a) or Rule 60(b) to incorporate the attorney's fees and costs awarded in the Court's Letter Order dated November 4, 2013. As is patently clear from the record in this matter, the Court explicitly granted LD the attorney's fees and costs incurred in pursuit of its contempt motion. (Letter Order of 11/4/2013 at 1). Further, LD submitted all required documentation of its fees and costs to this Court in a timely manner and Defendants have never made a substantive response to same. Because the award of attorney's fees and costs was granted by the Court in its November 4, 2013 Letter Order, the Court finds its exclusion from the Letter Order entered on March 14, 2014 to be exactly the type of mistake Rule 60(a) is intended to correct. *See also Pfizer, Inc.*, 422 F.3d at 130. The correction requested by LD does not affect in any way the substantive rights of Defendants. As such, Rule 60(b) need not be addressed. The Court shall therefore amend the March 14, 2014 Letter Order to include the earlier awarded attorney's fees and costs.

With respect to the amount of attorney's fees and costs to be awarded, the Court must calculate the "lodestar" amount by multiplying the attorneys and legal staff's reasonable hourly rates by the number of hours reasonably spent. *Interfaith Cmty. Org. v. Honeywell Int'll, Inc.*, 426 F.3d 694, 703 (3d Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The fee applicant bears the burden of establishing the hours spent and the market rate, as well as the reasonableness of same. *See Hensley*, 461 U.S. at 433

(noting that fee applicant must provide appropriate documentation of hours spent and market rate).

The Court finds the fees and costs requested by LD in its fee chart submitted on November 20, 2013 to be reasonable. (*See* Ex. C to Decl. of Jesse C. Ehnert, Esq.; Docket Entry No. 59-2). In this regard, the Court finds that both the hourly rates charged by LD ($300/hr for its partners and of counsel; $100/hour for its paralegal) and the time spent by its attorneys and legal staff on the contempt motion (76.90 hours in total) were reasonable. *See Blakely v. Continental Airlines*, 2 F. Supp. 2d 598, 603 (D.N.J. 1998) (noting that party seeking attorney's fees bears burden of establishing reasonable market rate for character and complexity of legal services rendered). As a result, the Court amends the March 14, 2014 Letter to include an award of $23,790.18 for the attorney's fees and costs incurred by LD in pursing the contempt motion.

### III.   Conclusion

For the reasons stated above, LD's motion seeking leave to amend the March 14, 2014 Letter Order under Rule 60(a) is GRANTED. An appropriate Order follows.

Dated:  July 13, 2015

                                                s/Tonianne J. Bongiovanni
                                    **HONORABLE TONIANNE J. BONGIOVANNI**
                                    **UNITED STATES MAGISTRATE JUDGE**